AO 472  (Rev. 11/16), modified by NED (9/17)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            v.<br><br>KARINA R. DIETER,<br>_____ Defendant | Case No. 8:22cr12<br><br>**ORDER OF DETENTION PENDING TRIAL** |

## Part I - Eligibility for Detention

Upon the

⊠ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1),

the Court held a detention hearing and found that detention is warranted.

⊠ Defendant waived a detention hearing at this time and the court found that detention is warranted.

This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

⊠ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

⊠ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

⊠ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

⊠ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

## Part III - Analysis and Statement of the Reasons for Detention

⊠ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

⊠ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

⊠ Subject to lengthy period of incarceration if convicted

⊠ Prior criminal history

⊠ Participation in criminal activity while on probation, parole, or supervision

⊠ History of alcohol or substance abuse

⊠ Prior failure to appear in court as ordered

⊠ Prior attempt(s) to evade law enforcement

⊠ Background information unknown or unverified

⊠ Prior violations of probation, parole, or supervised release

☒ The nature and circumstances of the offense charged.

☒ The current offense involves a controlled substance, firearm, explosive or destructive device.

☒ The mental condition of the defendant.

☒ The nature and seriousness of the danger posed by the defendant's release.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:           1/28/2022                              s/ Michael D. Nelson

United States Magistrate Judge